IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOYD WHITNEY, JR., *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2370 |
| | § | |
| MAN ENGINES & COMPONENTS, | § | |
| INC., *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss for improper venue [Doc. # 8] filed by Defendants Man Engines & Components, Inc. and Man Nutzfahrzeuge Aktiengesellschaft (collectively, "Man"), to which Plaintiffs filed a Response [Doc. # 10]. Man neither filed a reply for requested additional time to do so. Having reviewed the record and applied governing legal authorities, the Court **denies** the Motion to Dismiss.

Plaintiffs allege that they each owned diesel marine engines manufactured by Man. Plaintiffs allege that the engines failed because they were improperly designed and manufactured, and that they incurred repair bills as a result. Plaintiffs allege admiralty jurisdiction because the case involves incidents on navigable waters of the United States. *See* Original Complaint [Doc. # 1], ¶ 6.

Plaintiffs sued the two Man entities in this federal district court. Man moved to dismiss for improper venue because, Man argues, Plaintiffs have not shown that a substantial part of the events giving rise to the claims occurred in this district as required by 28 U.S.C. § 1391. The regular venue provisions of 28 U.S.C. § 1391 do not apply, however, in admiralty cases. *See In re McDonnell-Douglas Corp.*, 647 F.2d 515, 516 (5th Cir. 1981); *Barnett v. Kirby Inland Marine, Inc.*, 202 F. Supp. 2d 664, 667 (S.D. Tex. 2002). "Instead, the general admiralty practice prevails, in which venue and personal jurisdiction analyses merge. If the action is in personam, venue lies wherever valid service could have been made upon the defendant corporations." *McDonnell-Douglas*, 647 F.2d at 516. Defendants in this case have been served and have answered. Neither Defendant challenges personal jurisdiction[1] or that they were properly served with process in the case. As a result, the Court has personal jurisdiction over Defendants and venue in this district is appropriate.

Additionally, even if the venue provision of § 1391 applied, Plaintiffs allege that Plaintiff Carl Shanklin is a resident of Texas and the Man engine he owned failed "off the coast of Texas" in August 2009. *See* Original Complaint, ¶ 12. The

---

[1] In a similar case in which personal jurisdiction was challenged, it was determined that Defendant Man Nutzfahrzeuge Aktiengesellschaft was subject to personal jurisdiction in this district. *See Brian Arnott, et al., v. Man Engines & Components, Inc., et al.*, Civil Action No. H-08-1802.

allegation that this event occurred in this district supports a finding that venue in this district is proper.

Based on the foregoing, the Court concludes that venue in this federal district is proper under either the admiralty venue analysis or under § 1391.  Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 8] is **DENIED**.

SIGNED at Houston, Texas, this **15th** day of **October, 2010**.

_____
Nancy F. Atlas
United States District Judge